UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Elder C.C.,

Petitioner,

v.

Todd Blanche, *Acting U.S. Attorney General*; Daren K. Margolin, *Director for Executive Office for Immigration Review*; Markwayne Mullin, *Secretary, U.S. Department of Homeland Security*; David J. Venturella,[1] *Acting Director of Immigration and Customs Enforcement*; David Easterwood, *Acting Director, St. Paul Field Office, Immigration and Customs Enforcement*; Eric Tollefson, *Kandiyohi County Sheriff*,

Respondents.

File No. 26-cv-03832 (ECT/ECW)

**OPINION AND ORDER**

---

Magistrate Judge Elizabeth Cowan Wright issued a Report and Recommendation ("R&R") dated September 14, 2026. ECF No. 8. Judge Cowan Wright recommended that Petitioner Elder C.C.'s Verified Petition for Writ of Habeas Corpus [ECF No. 1] be granted and that Elder be immediately released [ECF No. 8 at 19]. Respondents[2] objected to the

---

[1] David Venturella is substituted for Todd M. Lyons pursuant to Federal Rule of Civil Procedure 25(d).

[2] "Respondents" refers to Acting Attorney General Blanche, Director Margolin, Secretary Mullin, Acting Director Venturella, and Acting Director Easterwood. Sheriff Tollefson has not appeared in these proceedings.

R&R [ECF No. 10], triggering de novo review pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.2(b)(3).

Elder C.C. is a citizen of Mexico. Pet. ¶¶ 11, 27. In 2018, Elder "entered the United States without inspection" [Pet. ¶ 30], and on August 25, 2026, Respondents stopped a vehicle in which Elder was a passenger [ECF No. 6 ¶ 5]. During this stop, Elder admitted to Respondents "that he was in the United States illegally." ECF No. 6 ¶ 5. Respondents "performed a DHS database search that returned no record of [Elder] ever registering his address with Immigration and Customs Enforcement (ICE)." *Id.* Based on this information, Respondents "determined that [Elder] was a flight risk," "placed [Elder] under arrest and transported [Elder] to . . . Fort Snelling . . . for administrative processing." *Id.*; Pet. ¶ 33. Respondents did not have a warrant for Elder's arrest when they arrested him. ECF No. 6 ¶¶ 5–6; Pet. ¶ 34.

At Fort Snelling, Respondents issued and served Elder with a Notice to Appear. ECF No. 6 ¶ 6; ECF No. 6-2. Also at Fort Snelling, Respondents issued an I-200 arrest warrant, and a deportation officer "served [Elder] the Form I-200." ECF No. 6 ¶ 6; ECF No. 6-3. Elder was then transported to the Kandiyohi County Jail, "where he remains detained." ECF No. 6 ¶ 7; Pet. ¶¶ 36–37. When Elder was seized, he "was living at a stable home address," "had been in the United States for years," and had "built ties to his community." Pet. ¶ 35. Elder also "fully complied with the ICE officers and in no way tried to disobey or flee." *Id.*

Elder filed this habeas petition on August 31, 2026. *See* Pet. Elder contends that his detention violates the Fifth Amendment, the Fourth Amendment, the Administrative

Procedure Act, and the *Accardi* doctrine. Pet. ¶¶ 68–102. Elder seeks release, or, in the alternative, a bond hearing. Pet. at 24–25.

In the R&R, Judge Wright determined that Elder was arrested unlawfully and recommended that his Petition be granted and that Elder be released. ECF No. 8 at 19. Judge Wright first determined that Elder was detained pursuant to 1226(a), rather than 1225(b)(2)(A), and rejected Respondents' argument that Elder "is foreclosed from challenging his arrest in habeas proceedings due to his pending immigration proceedings." ECF No. 6–11 (addressing and rejecting Respondents' arguments based on *Arias v. Rogers*, 676 F.2d 1139 (7th Cir. 1982), *INS v. Lopez-Mendoza*, 468 U.S. 1032, 1039 (1984), and *Min-Shey Hung v. United States*, 617 F.2d 201, 202 (10th Cir. 1980)). Judge Wright then concluded that, because the warrant for Elder's arrest was issued after his arrest, his arrest needed to comply with the warrantless arrest requirements of 8 U.S.C. § 1357(a)(2), and Respondents failed to meet these requirements. ECF No. 8 at 12–17.

As a preliminary matter, Judge Wright disagreed with Respondents' assertion that Elder was detained pursuant to § 1225(b)(2)(A). ECF No. 8 at 8. Relying on the I-200 warrant's language, Judge Wright explained that Elder was detained pursuant to 8 U.S.C. § 1226 and, therefore, a warrant was required for his arrest under the plain language of § 1226. *Id*. I have previously come to the opposite conclusion. *See Venancio P.J. v. Blanche*, No. 26-cv-2740 (ECT/JFD), 2026 WL 1862252, at *2 (D. Minn. June 29, 2026). For the reasons explained in that case, I determine that Respondents detained Elder pursuant to § 1225(b)(2)(A).

My determination that Elder was detained pursuant to § 1225(b)(2)(A) does not, however, mean that Respondents were permitted to arrest him without a valid warrant. *See Islamuddin A. v. Blanche*, No. 26-cv-3340 (ECT/JFD), 2026 WL 2546280, at *4 (D. Minn. Aug. 28, 2026). The great weight of persuasive authority from this District supports the legal conclusion that a warrantless arrest under 8 U.S.C. § 1225(b)(2) must comply with § 1357. *Luis A.S. v. Easterwood*, No. 26-cv-2447 (PJS/DTS), slip op. at 8 (D. Minn. May 26, 2026), ECF No. 9 ("ICE [cannot] simply arrest anyone who is subject to mandatory detention. Rather, ICE could detain [petitioner] only if it first complied with 8 U.S.C. § 1357(a), which addresses federal immigration officials' authority to make warrantless arrests." (citation modified)); *Juan J.M.E. v. Easterwood*, No. 26-cv-2270 (KMM/EMB), 2026 WL 1746672, at *3 (D. Minn. June 8, 2026) ("[I]f Congress wanted to make clear that 1225(b) provided a separate basis to arrest a noncitizen, 'it could have easily done so.'" (quoting *Avila v. Bondi*, 170 F.4th 1128, 1134 (8th Cir. 2026), *reh'g and reh'g en banc denied sub nom.*, 2026 WL 1746744 (8th Cir. June 17, 2026))), *R. & R. adopted sub nom. Juan M.E. v. Easterwood*, 2026 WL 1747756 (D. Minn. June 17, 2026); *Francisco M.A. v. Blanche*, No. 26-cv-2032 (JRT/EMB), 2026 WL 1229701, at *2 (D. Minn. May 5, 2026); *Fernando C. C. v. Bondi*, No. 26-cv-1235 (LMP/JFD), 2026 WL 446408, at *2 (D. Minn. Feb. 17, 2026); *Martha C.G.P. v. Blanche*, No. 26-cv-2308 (DWF/JFD), 2026 WL 1329577, at *3 (D. Minn. May 13, 2026); *see also Espinoza-Avalos v. Blanche*, No. 8:26CV191, 2026 WL 1396593, at *2 (D. Neb. May 19, 2026). I have previously found these decisions persuasive and do so again here.

Section 1357(a)(2) requires an arresting officer to have "reason to believe that the alien so arrested . . . is likely to escape before a warrant can be obtained for his arrest." 8 U.S.C. § 1357(a)(2). The requirement "considers not just whether the noncitizen will be located at the scene of encounter with immigration enforcement but also whether immigration enforcement would be able to arrest the noncitizens at another clearly identifiable location." *Walther A. S. v. Blanche*, No. 26-cv-2804 (LMP/SGE), 2026 WL 1734906, at *3 (D. Minn. June 16, 2026) (citation modified). Respondents have not shown that Elder was "likely to escape before a warrant [could] be obtained for his arrest." 8 U.S.C. § 1357(a)(2).

Respondents contend that because the arresting officers knew Elder had not registered his address and because Elder "did not provide this information during the encounter," the officers believed Elder to be a flight risk. ECF No. 10 at 1–2; ECF No. 6 ¶ 5; ECF No. 5 at 9–10.[3] But, as Judge Wright noted [ECF No. 8 at 15], there is no evidence that the officers asked Elder for his home address during the stop, nor is there evidence indicating that officers inquired about Elder's place of employment, family, or community ties or sought any other information from Elder relevant to the flight risk determination. *See* ECF No. 6-1 (detailing that officers "asked [Elder] if he had any documents that would allow him to reside in the United States legally," that "DHS databases retuned [sic] no

[3] Respondents additionally note that "the subjects of the vehicle were in complete control of the vehicle and could have easily left the scene and never to be found again." ECF No. 5 at 10. But the Form I-213 explains that Elder was questioned "subsiquent [sic] to [the vehicle owner's] arrest," and it gives no reason to think the vehicle could have been driven off as Respondents assert. ECF No. 6-1 at 2–3.

record of [Elder] ever registering his address with immigration and Customs Enforcement," and that "due to this fact [Elder] was deemed a flight risk"). There is also no indication that Elder failed to comply with Respondents' requests for information. He was cooperative during the encounter. *See* ECF No. 6 ¶ 5 (explaining that, when officers asked "if he had any documents that would allow him to reside in the United States legally," Elder "stated that he was in the United States illegally"). Elder's failure to register his address or volunteer information that officers did not request is insufficient to demonstrate that Elder was likely to escape before a warrant could be obtained. *See Manual P.N. v. Easterwood*, No. 26-cv-3799 (ECT/DJF), 2026 WL 2823650, at *2 (D. Minn. Sept. 21, 2026) (holding that a noncitizen was not "likely to escape" within the meaning of § 1357 where the noncitizen stopped his vehicle voluntarily, "freely admitted that he did not have legal authorization to be in the country," had "failed to register his address," and "lack[ed] . . . identification containing a current address" (citation modified)).

Respondents object to Judge Wright's rejection of *Arias v. Rogers*. *See* ECF No. 10 at 1. I have previously declined to adopt *Arias* for the propositions that a habeas petitioner in removal proceedings cannot challenge an unlawful arrest or that release is not the appropriate remedy. *See Sorelys C.R.O. v. Blanche*, No. 26-cv-3859 (ECT/LIB), 2026 WL 2665657, at *2 (D. Minn. Sept. 10, 2026). As in *Sorelys*, Respondents here concede that the Eighth Circuit has not addressed this issue [ECF No. 5 at 5], and the weight of persuasive authority from this District supports this conclusion, *see Wilson P. v. Blanche*, No. 26-cv-3448 (JMB/SGE), 2026 WL 2294612, at *5–6; *Walther A.S.*, 2026 WL 1734906, at *4 (D. Minn. June 16, 2026); *Luis A.S.*, slip op. at 9. Because Elder's arrest

was warrantless and because I conclude that Respondents have not shown that his arrest complied with § 1357(a)(2), Elder's Petition will be granted, and he will be ordered released.

**ORDER**

Therefore, based on the foregoing, and on all the files, records, and proceedings in this case, **IT IS ORDERED THAT**:

1. The Report and Recommendation [ECF No. 8] is **ACCEPTED** as described above;

2. Respondents' objections [ECF No. 10] are **OVERRULED** as described above;

3. Petitioner Elder C.C.'s Verified Petition for Writ of Habeas Corpus [ECF No. 1] is **GRANTED**; and

4. Respondents shall release Petitioner Elder C.C. from immigration custody immediately.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: October 8, 2026

s/ Eric C. Tostrud
Eric C. Tostrud
Chief Judge, United States District Court